UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAI KANG, <br><br>　　　　　　　　　Plaintiff, <br><br>　　　　-against- <br><br>CHASE, <br><br>　　　　　　　　　Defendant. | 20-CV-6656 (CM) <br><br>ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

　　　　Plaintiff brings this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or submit an amended IFP application.

　　　　To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

　　　　Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. According to the IFP application, Plaintiff has no sources of income, no resources, no expenses, and no debts. In response to the question about how he supports himself, Plaintiff wrote simply, "Non-resident." (ECF 1 at 2.) Because Plaintiff fails to provide information on how he pays for his living expenses, the Court is unable to conclude that he does not have sufficient funds to pay the relevant fees for this action.

　　　　Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees to commence this action or complete and submit the attached amended IFP

application in which he must fully disclose his financial status by fully answering all of the application's questions. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:20-CV-6656 (CM), and address the deficiencies indicated above by providing facts to explain how he supports himself and to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. See 28 U.S.C. § 1915(a)(1). If the Court finds that Plaintiff possesses the funds to pay the relevant fees, he may be required to pay them.

Plaintiff has consented to electronic service of Court documents. (ECF 3.) No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: August 20, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge