UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAI KANG,

                        Plaintiff,

           -against-

CHASE,

                        Defendant.

20-CV-6656 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff Kai Kang, a resident of China, filed this action *pro se*, and he seeks leave to proceed *in forma pauperis* (IFP). On August 21, 2020, the Court directed Plaintiff, within thirty days, to submit an amended IFP application or pay the $400.00 in fees required to file a civil action in this Court, and specified that failure to comply would result in dismissal of the complaint.[1] In that order, the Court noted that the responses in the IFP application do not establish that Plaintiff is unable to pay the filing fees. According to the IFP application, Plaintiff has no sources of income, no resources, no expenses, and no debts. (ECF 1.) In response to the question about how he supports himself, Plaintiff wrote simply, "Non-resident." (*Id.* at 2.) Because Plaintiff failed to provide information on how he pays for his living expenses, the Court was unable to conclude that he does not have sufficient funds to pay the relevant fees for this action.

      On August 26, 2020, Plaintiff filed an amended IFP application. Plaintiff again asserts that he has no present sources of income, but that when he last worked, on March 31, 2016, he earned $9,500 per month. The amended IFP application shows that Plaintiff pays $218 per in

---

[1] The Court issued similar orders in two other cases Plaintiff recently filed. *See Kang v. USA*¸ ECF 1:20-CV-6206, 4 (S.D.N.Y. Aug. 17, 2020); *Kang v. Citibank*, ECF 1:20-CV-6898, 4 (S.D.N.Y. Aug. 27, 2020).

week child support, and $25 per month "(suspended)" for cell phone service. When asked how he pays these and other living expenses, Plaintiff again writes "non-resident," but adds that he lives "from own savings." Yet when asked about his savings or other resources, Plaintiff states that he has "$0.00" in cash in any checking or savings account, and that he does "not know value" of a brokerage account, a 529 account, and a "vehicle in controversy" in another case. (ECF 5 at 2.)

The Court holds that the amended IFP application does not remedy the deficiencies in the original IFP application. Because Plaintiff fails to fully disclose his financial information, the Court once again cannot determine whether he qualifies for IFP status. Accordingly, the complaint is dismissed without prejudice. *See* 28 U.S.C. §§ 1914, 1915.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 16, 2020
         New York, New York

_____
        COLLEEN McMAHON
     Chief United States District Judge

2